IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

JOE CROFT,

      Movant,

v.                                    Case No. 2:04-cv-00832
                                      Case No. 2:02-cr-00042-02

UNITED STATES OF AMERICA,

      Respondent.


## PROPOSED FINDINGS AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Joe Croft is presently incarcerated at FCI Cumberland in Cumberland, Maryland, serving a 168-month term of imprisonment for distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1).

On August 6, 2004, the Clerk received a letter from Mr. Croft, which stated in pertinent part:

> I requested my lawyer to file a direct appeal on my behalf, but I have not heard anything on the matter from him or the Court.
>
> In light of the ruling in the Blakely v. Washington, 124 S. Ct. 2531 (2004), case, I believe that the issues that I wish to raise have had merit and I could have received relief from my sentence.
>
> I need to know what I can do to get my appeal on file with the Court. I'm on a severe time limit as you may realize. For your information, I received my

> sentence on March 1, 2004.  I received 168 months.  I am
> officially requesting a copy of my Docket Sheet, and a
> copy of my P.S.I., plus a copy of my plea agreement.

(docket sheet document # 109).  A civil action was opened to resolve this issue, Case No. 2:04-cv-00832.

On August 19, 2004, the court entered a Notice and Order (# 112) notifying Mr. Croft that his letter received on August 6, 2004 (# 109) had been construed as a request for relief under the Supreme Court's decision in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), and that his request would be held in abeyance until rulings were made by appellate courts concerning the applicability of the <u>Blakely</u> decision.

However, on August 31, 2004, the court received another letter from Mr. Croft clarifying that he was only asserting that his court-appointed counsel had failed to file a direct appeal.  (# 114).  Mr. Croft's letter states "[w]hat I am seeking to for the restoration of my right to direct appeal due to counsel's abandonment thereto filing a Notice of Appeal and subsequent Appellant Brief." (<u>Id.</u>)

On August 31, 2004, the undersigned entered a Notice and Order (# 113) notifying Mr. Croft that, in order to seek relief for the alleged failure of his counsel to file a requested appeal, he must file a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 ("section 2255"), and demonstrate that he requested an appeal, and that his counsel failed to heed his request.  Mr.

2

Croft was further notified that time was of the essence, as the one-year statute of limitations for filing a section 2255 motion would expire on or about March 1, 2005. (<u>Id.</u>)

The undersigned directed the Clerk to file Mr. Croft's letters in both the civil and criminal matters, and to mail Mr. Croft a copy of the August 31, 2004 Order, along with a section 2255 motion form. Mr. Croft was ordered to complete and sign the section 2255 motion form and to return it to the Clerk's Office for filing. (<u>Id.</u>)

Having received nothing from Mr. Croft, on January 26, 2005, the Clerk wrote him a letter which stated:

> Enclosed you will find a Notice and Order entered August 31, 2004, directing the Clerk's office to send you a blank Section 2255 form and directing you to complete and sign the form and return it to the Clerk's Office for filing.
>
> Because I cannot be certain you received the Section 2255 form, enclosed you will find:
>
> 1) Four (4) copies of a Motion under 28 United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, with Instructions;
>
> 2) One (1) copy of an Application to Proceed in Forma Pauperis and Affidavit; and
>
> 3) Three (3) U.S. Marshal Process Receipt and Return forms.
>
> I have also enclosed for your review a copy of the docket sheets for each of the above-captioned cases.
>
> Please complete the forms and return them to this office at your earliest possible convenience.

(# 115).

As of this date, Mr. Croft has not filed a section 2255 motion, or any other document, with this court. There is nothing to indicate that Mr. Croft did not receive the court's mail. Further, any motion filed by Mr. Croft now, or in the future, would be barred by the one-year statute of limitations.

Because Mr. Croft has not filed a section 2255 motion, the undersigned proposes that the presiding District Judge **FIND** that Mr. Croft has failed to prosecute this matter. Accordingly, it is respectfully **RECOMMENDED** that the undersigned proposes that the presiding District Judge **DISMISS** this civil action.

Mr. Croft is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, and the holding in Mullins v. Hinkle, 953 F. Supp. 744 (S.D. W.Va. 1997), Goodwin, J., Mr. Croft shall have three days (mailing/service) and then ten days (filing of objections), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good

4

cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Mr. Croft.


_____March 30, 2005_____
Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge